UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYRONE A. BROWN, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> CHARLES DWYER, ) <br> ) <br> Respondent. ) | Case No. 4:04CV00304 ERW <br> (DDN) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge David D. Noce [doc. #15], which was submitted pursuant to 28 U.S.C. § 636(b). Petitioner has filed an Objection to the Report and Recommendation [doc. #17]. When a party objects to a magistrate's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objects. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).

**I.  BACKGROUND**

The Missouri Court of Appeals set forth the facts of this case as follows:

> In case 98CR-5824, the prosecuting Attorney of St. Louis County filed an information charging movant with the class B felony assault in the first degree, in violation of Section 565.050 RSMo 2000,[1] and armed criminal action, in violation of

---

[1] "A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person. Assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony." Mo. Rev. Stat. 565.050.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Section 571.015 RSMo 2000,[2] in connection with the shooting of Theatrice Caine on November 15, 1998. In case 99CR-2742, the grand jury handed up an indictment charging movant with first degree murder, in violation of Section 565.020 RSMo 2000,[3] and armed criminal action, in violation of Section 571.015 RSMo 2000, in connection with the stabbing and shooting death of Vanilla Brown on June 17, 1999. The state and movant negotiated a plea bargain. In exchange for movant's guilty pleas in the two cases, the state agreed to file an Information in Lieu of Indictment charging defendant with second degree murder instead of first degree murder and an Amended Information changing the charge of first degree assault from a class B felony to a class A felony. The state agreed to and recommended concurrent terms of thirty years' imprisonment on first dgree assault and armed criminal action counts in case 98CR-5824 and concurrent terms of thirty years' imprisonment on the second degree murder and armed criminal action counts in case 99CR-2742, the sentences in cases 98CR-5824 and 99CR-2742 to be served consecutively to each other.[4] The court accepted movant's guilty plea and sentenced him in accordance with the plea agreement.

  Movant thereafter filed a Rule 24.035 motion. Appointed counsel subsequently filed an amended motion that requested an evidentiary hearing. The ground raised in the amended motion was that trial counsel was ineffective in that each told him that he would receive thirty years pursuant to the plea bargains in the two cases and that he did not know and did not understand that the two thirty-year sentences would be consecutive. He further alleged that he did not understand the difference between "consecutive" and "concurrent." He alleged that, if he had known that he would have to serve sixty years, he would not have pleaded guilty. The motion court denied movant's Rule 24.035 motion without an evidentiary hearing.

Resp.'s Ex. D, pp. 2-3. The Court of Appeals affirmed the Circuit Court's denial of Petitioner's

---

[2]"Except as provided in subsection 4 of this section, any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action . . ." Mo. Rev. Stat. 571.015.1.

[3]"A person commits the crime of murder in the first degree if he knowingly causes the death of another person after deliberation upon the matter." Mo. Rev. Stat. 565.020.1.

[4]As the Magistrate explained, "[t]he Circuit court ordered the pairs of concurrent 30 year sentences to be served consecutively, for a total of 60 years in the custody of the Missouri Department of Corrections." Rep., p. 1.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

request for post-conviction relief.

In his § 2254 Petition filed with this Court, Petitioner raised six grounds for relief: (1) his guilty plea was involuntary because the Circuit Court did not properly consider evidence of his mental state; (2) his guilty plea was involuntary because the Circuit Court did not clearly inform him of the meaning of "concurrent" or "consecutive" and did not determine whether he had a clear understanding of those terms; (3) his trial counsel was ineffective for telling him that he could receive the death penalty for first degree murder alone and life imprisonment for first degree assault and armed criminal action; (4) his trial counsel was ineffective for telling him that his mental instability was not a reliable defense, inducing him to agree to the amended plea bargain; (5) his counsel was ineffective for failing to explain the meanings of "consecutive" and "concurrent"; and (6) his counsel was ineffective for failing to adequately investigate his mental state. The Magistrate determined that Grounds One, Three, Four, and Six are procedurally defaulted because they were never presented to the Missouri courts in Petitioner's post-conviction relief motions. *See* Rep., p. 4. The Magistrate further concluded that Grounds Two and Five are without merit and provide no basis for relief. *See* Rep., pp. 8, 11.

## II. DISCUSSION

The Court will conduct a *de novo* review of those specific portions of the Report and Recommendation to which Petitioner has objected. *See United States v. Lothridge*, 324 F.3d at 600. Petitioner makes three objections to the Magistrate's Report and Recommendation:[5] (1) the Magistrate ignored several medical reports that indicate Petitioner suffered from multiple

---

[5]Petitioner's specific objections are somewhat difficult to decipher. The Court will liberally construe his briefing and attempt to address each objection presented.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

psychological disorders, that he was under multiple psychotropic medications, and that he did not have a competency hearing to determine his competency, in violation of his right to due process; (2) the Magistrate's conclusion that Petitioner has made no claim that he is actually innocent is incorrect because Petitioner "has always maintained he was innocent of these crimes and that his innocence is tied to his mental illness," Obj., p. 2; and (3) the Magistrate's conclusion that Petitioner was not prejudiced by his attorney's failure to ensure he understood he would receive sixty years is incorrect because Petitioner "would never accept a 60 year plea except for being mislead," Obj., p. 3. Federal habeas relief may not be granted by this Court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### A. Petitioner's Alleged Psychological Disorders and Procedural Default

Petitioner's first and second objections are related to Ground One, in which Petitioner claims that his guilty plea was involuntary because the Circuit Court did not properly consider evidence of his mental state. The Magistrate determined that Ground One provides no basis for relief due to procedural default. According to Petitioner, in making his determination concerning Ground One, the Magistrate ignored evidence of his mental state and improperly concluded that he has not claimed he is actually innocent. Thus, Petitioner's contention is that his actual innocence lifts the procedural bar to Ground One and that he is entitled to relief. The Court will review *de novo* the issue of whether Ground One is procedurally defaulted and, if it is not procedurally defaulted, whether

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Petitioner is entitled to relief on the merits.

Failure to present an issue to the state courts erects a procedural bar to relief on that ground in this Court. *See Sweet v. Delo*, 125 F.3d 1144, 1149-50 (8th Cir. 1997). Petitioner did not present the claim he now raises in Ground One to the Missouri courts and Ground One therefore is procedurally defaulted. This Court, as a federal habeas court, cannot address the merits of a ground not presented to the state courts unless Petitioner can demonstrate: (1) a legally sufficient cause for not presenting the ground in state court and actual prejudice resulting therefrom, or (2) that failure to consider the ground will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). To establish cause for procedural default under the first exception, Petitioner must demonstrate that "some objective factor external to the defense" impeded his efforts to comply with the state's procedural requirements. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish a fundamental miscarriage of justice under the second prong, Petitioner must "show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (*quoting Murray*, 477 U. S. at 496). This requires Petitioner "to show that it is more likely than not that 'no reasonable juror' would have convicted him" in light of new evidence presented by Petitioner. *Id.* at 329.

The Court notes that Petitioner has not attempted to demonstrate any cause for failing to present Ground One in state court, and he does not allege actual prejudice. Therefore, he does not fall within the first *Coleman* exception. Instead, Petitioner is alleging that he is actually innocent of the crimes to which he pled guilty and that failing to consider the merits of Ground One will result

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

in a fundamental miscarriage of justice.[6] To prevail under the second prong, Petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of new evidence demonstrating his actual innocence. In this regard, Petitioner points to medical reports detailing his past mental health problems, contending that no reasonable juror would have held him responsible for his actions due to his mental illness. Petitioner also states that a recently settled lawsuit between the psychiatric hospital where Petitioner had been staying and Petitioner's family is "new evidence" demonstrating his innocence.

Petitioner's attempt to demonstrate his actual innocence falls far short of what is required. Petitioner pled guilty to the crimes with which he was charged. In light of his guilty plea, Petitioner's attempt to argue that he is actually innocent is not persuasive. *See McCall v. Benson*, 114 F.3d 754, 758 (8th Cir. 1997) (stating that, in light of guilty plea, any attempt to show actual innocence would be unpersuasive). Moreover, the "evidence" presented by Petitioner does nothing to establish his actual innocence. Petitioner appears to argue that he is innocent by reason of mental disease or defect.[7] However, as is clear from the record, Petitioner decided to plead guilty instead of going to

---

[6]Petitioner states that the Magistrate's conclusion that he has made no claim that he is actually innocent is incorrect because he "has always maintained he was innocent of these crimes and that his innocence is tied to his mental illness." Obj., p. 2.

[7]Petitioner offers a report that appears to be authored by Michael Armour, a clinical psychologist, which expresses an opinion that, at the time of the alleged offense, Petitioner was suffering from schizoaffective disorder, depressive type, and that "because of his active mental disease, he was not able to know or appreciate the nature, quality or wrongfulness of his conduct." Pet.'s Trav., p. 16. This report also states that, notwithstanding his mental disorder, Petitioner was in remission due to treatment with medication and was competent to stand trial. Pet.'s Trav., p. 15. The report appears to have been submitted to the Honorable David Lee Vincent III in the St. Louis County Circuit Court on December 15, 2000. From the record, it appears that Judge Vincent presided over Petitioner's state court proceedings, including his change of plea and his sentencing. The change of plea and sentencing took place on October 19, 2001.

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

trial where he would have had the opportunity to present his defense:

> Q     Have you ever suffered from [an]y mental disease or defect?
> A     Yes, Your Honor.
> Q     And what is that?
> A     Schizo[af]fective disorder.
> Q     You discussed the defenses of mental illness with your attorneys prior to your plea of guilty here today?
> A     Yes, Your Honor.
> Q     As well as the diminished capacity defense?
> A     Yes, sir.
> Q     After you discussed these defenses with your attorneys you decided to still plead guilty here today?
> A     Yes, Your Honor.
> Q     Do you understand by entering a plea of guilty here today you're gonna waive these defenses?
> A     Yes, Your Honor.
> . . .
> Q     Have you discussed all the defenses with your attorney in this case, like sudden passion, the mental illness that we talked about, disease or defect?
> A     Yeah. We discussed it, yes, sir.
> Q     Okay. And the likelihood of that either being successful or unsuccessful at trial?
> A     Yes, sir.

Resp.'s Ex. A, p. 43, 51. A report from a psychologist -- which was available at the time Petitioner decided to waive his right to present any defense to a jury and is not "new" -- which merely expresses an opinion as to Petitioner's culpability is not sufficient to demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of new evidence. Petitioner also states that "several civil suits have been filed against the hospitals and doctors who released [him] in spite of their knowledge of his mental condition," and that this is "clearly new evidence." Obj., pp. 2-3. Contrary to Petitioner's contention, evidence of other civil suits does not demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of this "new" evidence.

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Finally, Petitioner also seems to argue that he was not capable of making an informed choice about his decision to plead guilty due to the effects of his medications. This contention is clearly refuted by the record:

> Q    What is your current diagnosis, do you know?
> A    Diagnosis?
> Q    Or prognosis, I should say. What did they say how well you're doing here today?
> A    I have been doing pretty well. You know, since I have been on the new medicine that they changed me on.
> Q    What kind of medicine are you taking?
> A    I'm taking Celexa, Haldol and Cogent.
> Q    Is that affecting you at all here today? Do you understand these proceedings?
> A    Yes, sir, I understand, Your Honor.
> . . .
> Q    And the doctor has given you a clean bill of health as of today, as long as you take medication?
> A    Right, as long as --
> Q    With this medication that you're taking are you taking any other medication?
> A    No, sir.
> Q    And you said that this is not influencing you at all here today in your understanding of these proceedings, is that correct?
> A    That's correct, sir.
> Q    And you're clear headed here today?
> A.    Yes, sir.
> Q    And everything is clear to you?
> A.    Yes, sir.

Resp.'s Ex. A, p. 43-44, 51-52. In sum, Petitioner has failed to make any showing that he is actually innocent of the crimes to which he pled guilty. He has failed to demonstrate that his procedural default as to Ground One, or any other ground, can be overcome. Ground One is procedurally defaulted and provides no basis for relief. Thus, Petitioner's first and second objections are without merit.

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

### B. Petitioner's Allegation of Prejudice

In his final objection, Petitioner states that the Magistrate's conclusion that Petitioner was not prejudiced by his attorney's failure to ensure he understood he would be sentenced to a total of sixty years is incorrect because Petitioner "would never accept a 60 year plea except for being mislead." Obj., p. 3. Petitioner's final objection is related to Ground Five, in which Petitioner asserts that his trial counsel rendered ineffective assistance of counsel for failing to explain to him the meanings of "consecutive" and "concurrent." The Magistrate determined that Ground Five provided no basis for relief.

Petitioner's contention is that the Missouri courts unreasonably applied the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In denying Petitioner's request for relief, the Circuit Court applied the *Strickland* test:

> Applicable Missouri law requires that, to prevail on a claim of ineffective assistance of counsel in a motion for post-conviction relief proceeding, a movant must demonstrate that his counsel failed to conform his representation to the degree of skill, care and diligence of a reasonably competent attorney under similar circumstances, and that he was thereby prejudiced. *Strickland v. Washington*, 104 S.Ct. 2052, 2056 (1984). To show prejudice, there must be a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *Id.* Nevertheless, trial counsel is deemed vested with broad discretion in conducting his client's defense, and is presumed competent. *Schneider v. State*, 787 S.W.2d 718, 720-1 (Mo. banc 1990) *cert. denied*, 111 S.Ct. 231 (1990); *State v. Roberts*, 948 S.W.2d 577, 604 (Mo. banc 1997) *cert. denied*, 118 S.Ct. 711 (1997). Movant assumes a heavy burden in attempting to overcome this strong presumption by a preponderance of the evidence. *State v. Holcomb*, 956 S.W.2d 286, 295 (Mo. App. 1997).
>
> . . .
>
> Movant's allegations are entirely refuted by the record. Prior to entering his guilty plea, Movant acknowledged that he understood that, pursuant to his plea agreement with the State, the Court would sentence him to thirty (30) years in Cause No. 99CR-2742, and a consecutive, not concurrent, thirty (30) years in Cause No. 98CR-5824. (Tr. 5-6). He stated that he understood that, as part of the plea

9

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

agreement, the State would be amending the charge of Murder in the First Degree to Murder in the Second Degree, and the charge of Assault in the First Degree, a class B felony, to Assault in the First Degree, a class A felony. (Tr. 10-11). Following the pronouncement of the sentences, Movant stated that the plea agreement/sentences were the result of plea negotiations with the State, and that he was involved in those negotiations. (Tr. 33). He stated that his benefit of the plea bargain was that, in the State amending the charge of Murder in the First Degree to Murder in the Second Degree, he would have the possibility of parole. (Tr. 36).

Additionally, Movant admitted throughout the plea and sentencing hearing that he had sufficient opportunity to discuss his cases with counsel. (Tr. 6, 12, 29, 32). He stated that he discussed his possible defenses with his counsel and that by pleading guilty he was waiving those defenses. (Tr. 7, 15, 30-31). He conceded that he discussed the plea agreement, trial strategy, elements of the offenses and ranges of punishment of the offenses with his counsel. (Tr. 8-9, 35). He stated that he believed that his counsel had done everything that he wanted them to do. (Tr. 32).

He acknowledged that he discussed with his counsel his rights to jury trials, the motions that they could file on his behalf and the likelihood of convictions on both files. (Tr. 11-15, 31-32). Moreover, he agreed that his decision to plead guilty was his decision alone and that he understood the proceedings. (Tr. 12-13). He denied that there were any threats or promises, other than the plea agreement, made toward him to force him to plead guilty. (Tr. 13, 33). Additionally, Movant stated that the medication that he had been taking was not influencing him in his understanding of the proceedings. (Tr. 16). Finally, he admitted that he did not have any complaints about his counsel's representations of him and was satisfied with their representation of him. (Tr. 33).

. . .

Movant has not demonstrated that trial counsel failed to exercise the customary skill and diligence that reasonably competent attorneys would have under similar circumstances.

Movant was not prejudiced by any act or omission by trial counsel and, had trial counsel performed as per Movant's allegations, the result would not have been different.

Resp.'s Ex. A, pp. 102-105. On appeal to the Missouri Court of Appeals, Petitioner argued that the Circuit Court clearly erred in denying his claim without an evidentiary hearing because his ineffective assistance of counsel claim was not refuted by the record. Resp.'s Ex. D, p. 3. In affirming the Circuit Court's decision to deny relief, the Court of Appeals examined the transcript from Petitioner's

10

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

change of plea hearing. Resp.'s Ex. D pp. 3-4. The Court of Appeals then found that the record refuted Petitioner's claim of ineffective assistance of counsel:

> The record refutes movant's claims. The court not only explained the sentences in terms of "concurrent" and "consecutive" time, but also established in plainer language that movant understood that the sentence was thirty years "plus" thirty years. Movant twice indicated that he understood the proceedings and his attorneys testified that he understood. The court informed movant that he could ask about anything he did not understand, but movant did not question the length of the sentence.
> "While an individual may proclaim he had a certain belief and may subjectively believe it, if it was unreasonable for him to entertain such a belief at the time of the plea proceeding, relief should not be granted." *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978). "Where there is no reasonable basis for relief in light of the guilty plea record, movant is not entitled to relief." *Id.*
> As in *McMahon*, whatever movant's subjective belief may have been on receiving concurrent sentences in both cases, the trial court disabused movant of that belief with its meticulous questioning of movant at the time he entered his guilty plea. The record demonstrates no reasonable basis for movant to believe that his sentences on the two cases would run concurrently with each other.

Resp.'s Ex. D, p. 5.

Both the Circuit Court and the Court of Appeals applied the correct *Strickland* standard for evaluating Petitioner's claim that he received ineffective assistance of counsel, and the Missouri courts did not apply that standard in an unreasonable manner. In considering Petitioner's current § 2254 Petition, the Magistrate correctly concluded that the Missouri courts applied the proper standard in a reasonable manner. In his Objection, Petitioner contends that he would not have pled guilty had he known his total sentence would be sixty years. However, the Missouri courts rejected this argument, noting that Petitioner received a benefit as a result of his plea bargain.[8] The Missouri

---

[8]As the Circuit Court noted, Petitioner's primary benefit under the plea bargain is that, as a result of the State's amendment of the charges, he is eligible for parole:

11

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

courts found that counsel's performance was not deficient and that Petitioner had not demonstrated that, but for counsels' alleged errors, he would not have pleaded guilty and would have insisted on going to trial. The Missouri courts' conclusions are not an unreasonable application of *Strickland*, as explained in the Magistrate's Report and Recommendation. *See* Rep., pp. 8-11. Therefore, Ground Five is without merit, and Petitioner is not entitled to relief on the basis of his final objection.

## III. CONCLUSION

The Magistrate correctly concluded that Petitioner is not entitled to relief on the basis of any claim presented in his § 2255 Petition. The Court considers whether Petitioner is entitled to a certificate of appealability. A certificate of appealability will issue if the petitioner makes a substantial showing of the denial of a constitutional right. A petitioner makes such a showing if he demonstrates that his petition involves issues which are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues are adequate enough to deserve encouragement to

---

THE COURT: . . . . Now, I think you understand had you proceeded to trial the State would have proceeded on Murder in the First Degree charge. Do you understand that, is that correct?
THE DEFENDANT: Yes, sir.
THE COURT: And that had you proceeded to trial if your were found guilty of Murder in the First Degree – of punishment for Murder in the First Degree is life without probation or parole or death. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: And I don't believe the State would have been seeking the death penalty in this case. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: And so as a result of your plea bargain agreement at least you have some possibility of parole. That's what you were plea bargaining on, is that correct?
THE DEFENDANT: Yes, sir.

Resp.'s Ex. A, pp. 71-72.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

proceed further. *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002). In this case, Petitioner has not demonstrated that he is entitled to a certificate of appealability as to any claim presented in his § 2255 Petition.

The Court hereby sustains, adopts, and incorporates herein the Magistrate's Report and Recommendation, as supplemented by this Court's independent analysis.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Tyrone Brown's § 2254 Petition [doc. #1] is **DENIED**.

Dated this 11th day of April, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com